**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE NDUNGU, | No. 11-73432 |
| Petitioner, | Agency No. A087-056-795 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]
Seattle, Washington

Before: KOZINSKI, Chief Judge, TASHIMA and M. SMITH, Circuit Judges.

Petitioner Catherine Ndungu, a native and citizen of Kenya, petitions for

review of a decision by the Board of Immigration Appeals (BIA) affirming the

Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). The BIA affirmed the IJ's denial of Ndungu's asylum claims primarily on an adverse credibility finding, and alternatively, because Ndungu failed to carry the requisite burden of proof in establishing her claims. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual finding for substantial evidence and apply the "totality of the circumstances" standard governing adverse credibility determinations under the 2005 REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Ndungu's petition is denied.

The IJ found that Ndungu's asylum application was time-barred. Because Ndungu did not raise the issue on appeal to the BIA, this issue is not reviewable. *Tijani v. Holder*, 628 F.3d 1071, 1081 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 2160 (2011). The BIA based its adverse credibility determination on two main inconsistencies between her asylum application and testimony at her immigration hearing: (1) Ndungu's omission of her sexual assault by the Mungiki, a criminal organization in Kenya, and (2) Ndungu's failure to recount the death threat from her fiancé. These discrepancies were not "minor inconsistencies that reveal nothing about an asylum applicant's fear for [her] safety," but rather, "inconsistencies regarding events that form the basis of the asylum claim." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (citation and quotes

2

omitted).  The claims of the Mungiki attack and death threat from her fiancé are closely related to the reasons why she purports to be afraid to return to Kenya.  The complete failure to mention these events were not "mere omission[s] of details," *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000), but amounted to "[m]aterial alterations in the applicant's account of persecution," which "are sufficient to support an adverse credibility finding."  *Zamanov*, 649 F.3d at 973.  The BIA's adverse credibility determination is supported by substantial evidence and based upon "specific cogent reason[s]" for its stated disbelief of Ndungu's testimony. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (citation and quotes omitted). Nothing in the record compels the conclusion that Ndungu was credible. Accordingly, in the absence of credible testimony, we deny the petition as to Ndungu's claims for asylum, withholding of removal, and CAT relief.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**